UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDER L. BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:06-0010 |
| ) | Judge Campbell/Brown |
| ATU DIRECTOR BOBBY ALYWARD, ) | **Jury Demand** |
| et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

For the reasons stated below, the Magistrate Judge **recommends** that the plaintiff's motion for partial summary judgment (Docket Entry No. 16) be **denied**.

**II. BACKGROUND**

The plaintiff filed a rather convoluted lawsuit against a number of defendants alleging violations of Title 42, U.S.C. §1983 (Docket Entry No. 1). The District Judge reviewed the matter and in a memorandum and order (Docket Entry Nos. 2 and 3) dismissed a number of the plaintiff's claims. The plaintiff's claims against the defendant, Alyward, Hebron, Johnson, and Stevens for retaliation against him were allowed to proceed. A summary of these complaints is contained in the District Judge's memorandum (Docket Entry No. 2). The matter was also referred by the District Judge (Docket Entry No. 3) for case management and a Report and

Recommendation on all dispositive motions. The plaintiff is no stranger to federal litigation, having filed at least four previous lawsuits. Case Nos. 3:96-0682, 1:00-0061, 1:00-0068, and 3:05-0137. The claims of retaliation involve the plaintiff's contention that the above-named individuals terminated him from the Lifeline Program because he had filed grievances and a federal lawsuit against them. The Court found that this action was not frivolous and therefore allowed the matter to proceed, since filing grievances and lawsuits constitute constitutionally protected conduct and that termination from the Lifeline Program for filing grievances and lawsuits could constitute an adverse action that likely would deter a person of ordinary firmness from engaging in such protected conduct.

The Court found that there was a possible causal connection between the plaintiff's termination from Lifeline on February 28, 2005, and his having filed a grievance and at least one lawsuit against the institution of Lifeline officials. Plaintiff's motion for partial summary judgment (Docket Entry No. 16) asks the Court to enter summary judgment against the defendants on the following issues:

1. That plaintiff was a resident of Lifeline on January 25, 2005, up and until February 8, 2005;

2. That on or about January 25, 2005 and January 26, 2005, defendants Alyward, Hebron, Johnson and Stevens were served

summonses and a copy of the complaint filed against them in Circuit Court for Davidson County, Tennessee; and

      3. That defendants Alyward, Hebron, Johnson and Stevens terminated plaintiff from Lifeline on February 8, 2005.

      In support of his motion, plaintiff relies on Docket Entry No. 14, which contains the defendants' response to the plaintiff's statement of undisputed facts. The defendants' actual response to the plaintiff's statement of undisputed material facts is found at docket Entry No. 18.

      1. In reviewing the response, it appears that for purposes of summary judgment, the defendants do not contest that the plaintiff was terminated from the Lifeline Program on February 8, 2005.

      2. The defendants do not dispute, for the purposes of summary judgment, that on January 25, 2005, Alyward, Hebron, and Stevens were served with summonses and complaint, and that on January 26, 2005, Johnson was served with a summons and complaint.

      3. Finally, the defendants do not dispute, for purposes of summary judgment, that plaintiff filed a grievance at the Metropolitan Davidson County Detention Facility regarding his February 8, 2005 termination from the Lifeline Program and that plaintiff subsequently appealed his grievance.

      The defendants have responded to the plaintiff's summary judgment motion (Docket Entry No. 17). In this response it appears

3

that the defendants believe that the plaintiff is seeking summary judgment on the merits of his claim and that he is clearly not entitled to summary judgment on the merits in this matter.

### III. LEGAL DISCUSSION

The Magistrate Judge believes that the motion for partial summary judgment should be denied but not necessarily for the reasons set forth by the defendants in opposition. The plaintiff is not seeking summary judgment in the case as a whole. He is only seeking summary judgment as to three limited issues. However, it appears that procedurally the defendant is really seeking an admission from the defendants as to three facts. This is really not an appropriate use of Rule 56 summary judgment. Requests for admissions are more properly under Fed.R.Civ.P. 36, requests for admissions. It does not appear that there actually is a factual dispute that the plaintiff was in the Lifeline Program up until February 8, 2005, when he was terminated, and that the defendants were served with a copy of the state court case on January 25 and 26. If the plaintiff makes a request such as those in a Rule 36 request for admissions, the defendants should respond. The plaintiff has not sought summary judgment on the ultimate issue in this case as to whether there is a retaliatory connection between his grievances and state court lawsuit and his termination. The plaintiff has not moved for summary judgment on that ultimate issue. Any motions for summary judgment concerning the ultimate

4

issues in this case, which would be dispositive of the entire case, should normally wait the completion of discovery and be filed in accordance with the scheduling order previously entered in this matter (Docket Entry No. 15).

The Magistrate Judge would note that the defendants are correct that the mere fact that an adverse action took place after the filing of a grievance or a lawsuit is not in and of itself sufficient to establish a constitutional violation of retaliation. That is why this case is under a scheduling order to allow discovery to determine whether additional facts may be developed to support or refute the plaintiff's contentions.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that this motion for partial summary judgment be **denied**, on the grounds that it is more properly filed as a Rule 36 request for admissions.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

5

waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 10th day of May, 2006.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge