UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER L. BAXTER,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Case No. 3:06-0010
                                 )          Campbell/Brown
ATU DIRECTOR BOBBY ALYWARD,      )
 ET AL.,                         )
                                 )
          Defendants.            )

To:     The Honorable Todd Campbell, Chief United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that the defendants' motion

for summary judgment (Docket Entry No. 27) be granted, that this action be dismissed with

prejudice, and that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

I.  INTRODUCTION
AND
BACKGROUND

The plaintiff was an inmate in the Metropolitan-Davidson County Detention Facility in

Nashville, Tennessee at the time he brought this action.  (Docket Entry No. 1)  He has since been

released from custody.  (Docket Entry No. 21)

The plaintiff brought this action under 42 U.S.C. § 1983.[1]  On initial frivolity review, all but

one of the plaintiff's claims were dismissed as frivolous.  (Docket Entry Nos. 3-4)  The plaintiff's

First Amendment retaliation claim was deemed not facially frivolous and process issued as to

defendants Bobby Alyward, Reggie Hebron, Geraldine Johnson, and Elaine Stephens.[2]  (Docket

---

[1]  This action was filed originally as *Alexander L. Baxter v. Warden Brian Garder, et al.*

[2]  Defendant Stephens' name was mistakenly spelled "Stevens" in previous documents filed in this matter.

Entry No. 4)  The plaintiff's First Amendment retaliation claim was that the defendants allegedly terminated him from the Lifeline Therapeutic Community Program ("Lifeline") because he filed grievances and lawsuits against them.  (Docket Entry No. 1, ¶¶ 51-60, pp. 14-15)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to manage the case, for decisions on all pre-trial, non-dispositive motions, to issue reports and recommendations on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P. and the Local Rules of Court.  (Docket Entry No. 4)  The Magistrate Judge was further directed to consider, where appropriate, whether the Court should certify any appeal of a Report and Recommendation, if adopted by the Court, as being in good faith under 28 U.S.C. § 1915(a).  (Docket Entry No. 4)

On August 23, 2006, the defendants filed a motion for summary judgment.  (Docket Entry No. 27)  The defendants also filed a memorandum of law in support of their motion for summary judgment (Docket entry No. 28), a statement of undisputed material facts (Docket Entry No. 29), and the affidavits of defendants Hebron (Docket Entry No. 30), Johnson (Docket Entry No. 31), Stephens (Docket Entry No. 32), and Alyward (Docket Entry No. 33).

In the two and one-half months since the defendants filed their motion for summary judgment, the plaintiff has not filed a response, nor has he sought an extension of time to do so.  The defendants' motion for summary judgment is, therefore, properly before the court.

## II.  ANALYSIS

Summary Judgment is appropriate only where "there is no genuine issue as to any material fact . . . and the moving party is entitled to summary judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P., *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Newman v. Federal Express Corp.*, 266 F.3d 401, 404-05 (6th Cir. 2001).  A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *Id.* at 249-50. Inferences from underlying facts "must be viewed in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001), *cert. denied*, 534 U.S. 896 (2001).

In considering whether summary judgment is appropriate, a court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). If there is a "genuine issue of material fact" then summary judgment should be denied. *Id.* However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(quoting *Celotex Corp.*, 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir.1991). To defeat summary judgment, the party opposing the motion "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003)(quoting *Anderson*, 477 U.S. at 252.

The Court previously set forth the following as the law pertaining to First Amendment retaliation claims:

> A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999)(*en banc*).

3

> To establish a *prima facie* case of retaliation within the context of §
> 1983, a plaintiff must prove that: 1) he engaged in protected conduct;
> 2) an adverse action was taken against him that would deter a person
> of ordinary firmness from continuing to engage in that conduct; and
> 3) there is a causal connection between elements 1) and 2), *i.e.*, that
> the adverse action was motivated at least in part by plaintiff's
> protected conduct. *Id.* at 394. In addition to proving a retaliatory
> motive, Baxter must establish that the alleged discriminatory action
> was punitive in nature by showing other than *de minimis* harm
> resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977);
> *Thaddeus-X*, 175 F.3d at 396.

(Docket Entry No. 3, p. 10)

In their statement of undisputed material facts, the defendants assert that the plaintiff was admitted to Lifeline on May 28, 2004, but that he was terminated twice from the program, the first time on November 30, 2004, and the second time on February 8, 2005. (Docket Entry No. 28, ¶¶ 1, 3, 8, pp. 1-3) In their statement of undisputed material facts, the defendants maintain that the plaintiff was terminated from Lifeline for repeated misbehavior and rules violations, not because he filed grievances and/or brought legal against them. (Docket Entry No. 28, ¶¶ 2, 4, 5, 9, pp. 1-3) The defendants support their argument with the sworn affidavits of defendants Alyward, Hebron, Johnson, and Stephens. (Docket Entry Nos. 31-33) Defendant Alyward supervises Lifeline (Docket Entry No. 33, p. 1); defendants Hebron, Johnson, and Stephens are Lifeline counselors (Docket Entry Nos. 30-32). In their affidavits, defendants Hebron, Johnson, and Stephens attest that the plaintiff was terminated from Lifeline because:

> of his continued threats directed toward Lifeline Program staff and
> inmates, his refusal to hold himself accountable, his failure to truly
> excel in the Lifeline program, and his continued violations of the
> Lifeline Program Rules.

(Docket Entry Nos. 30-32, p. 2) Defendant Alyward, providing the details of the plaintiff's erratic history in Lifeline, corroborates the affidavits of defendants Hebron, Johnson, and Stephens. (Docket Entry No. 33)

4

As previously noted, *supra* at p. 2, the plaintiff has not responded to the defendants' motion for summary judgment. The plaintiff was specifically warned by the undersigned that:

> dispositive motions must be responded to within twenty-eight (28) days unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in matter as true and granting the relief requested.

(Docket Entry No. 15, pp. 3-4)

When a non-moving party does not respond to a motion for summary judgment, summary judgment, if appropriate, shall be entered against the non-moving party. Rule 56(e), Fed. R. Civ. P. Moreover, by not responding to a motion for summary judgment, the non-moving party concedes that the facts asserted by the moving party are not in dispute. LR56.01(g), Local Rules of Court. Despite the plaintiff's failure to respond to the defendants' motion for summary judgment, the undersigned has reviewed the defendants' motion for summary judgment on the merits to be sure that the motion supports the relief requested. *See Stough v. Mayville, Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Carver v. Bunch*, 946 f.2d 451, 455 (6th Cir. 1991).

Based on the strength of the defendants' affidavits, the undersigned concludes that the plaintiff was terminated from Lifeline because of his continued misbehavior and violations of the rules that governed participation in the program. Misbehavior and rules violations do not constitute protected conduct. Assuming for the sake of argument that the retaliation calculus is based on the plaintiff's First Amendment right to file grievances and to bring legal actions against prison authorities, the plaintiff cannot show a causal connection between such protected conduct and the actual reasons that he was terminated from Lifeline. In either instance, the plaintiff fails to establish that the defendants retaliated against him.

Because the plaintiff has failed to show that the defendants retaliated against him, he has

5

failed to show that the defendants violated his rights under the First Amendment.  Consequently, the plaintiff is not entitled to relief under § 1983.

### III.  CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that the defendants' motion for summary judgment (Docket Entry No. 27) be granted, that this action be dismissed with prejudice, and that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this the __15th__ day of November, 2006.

/S/ Joe B. Brown

Joe B. Brown
Magistrate Judge

6